UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-20751-JG

JEAN MARIE VORBE and
V & F CONSTRUCTION, S.A. a/k/a
VORBE ET FILS,

        Plaintiffs,

vs.

PATRICK MORISSEAU and
LeTRANSPORTEUR, LLC,

        Defendants.
_____/

# DEFENDANT PATRICK MORISSEAU'S MEMORANDUM
# OPPOSING JURISDICTIONAL DISCOVERY

Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799

Attorneys for Defendants

For three reasons, the Court should not permit Plaintiffs to take jurisdictional discovery. First, Plaintiffs have not shown—through their complaint or any request—that they are entitled to jurisdictional discovery. Second, jurisdictional discovery would not affect the outcome, because the developed evidentiary record in this case shows that the Court does not have personal jurisdiction over Morisseau.[1] Last, jurisdictional discovery will only burden Morisseau and delay the resolution of this action.

**1.** Plaintiffs have not shown that they are entitled to jurisdictional discovery. At the outset, Morisseau recognizes that the Eleventh Circuit once observed that permitting "jurisdictional discovery is not entirely discretionary." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). But this statement must be placed in context. The Eleventh Circuit made this observation while discussing a law-review article and a former Fifth Circuit decision, which "held that plaintiff was entitled to discovery of *disputed jurisdictional facts*." *Id.* at 730 (emphasis added) (citing *Davis v. Asano Bussan Co.*, 212 F.2d 558 (5th Cir. 1954)); *see also id.* at 729 n.7 ("[A] court does not have discretion to grant or deny a request for jurisdictional discovery [*when jurisdictional facts are in dispute*]. Rather, it is appropriate to speak in terms of a qualified 'right' to jurisdictional discovery *when a court's jurisdiction is genuinely in dispute*." (second alteration in original) (emphasis added) (quoting Note, *The Use of Discovery To Obtain Jurisdictional Facts*, 59 VA. L. REV. 533, 546–47 (1973))). The Eleventh Circuit has never held that discovery must be permitted when a court's jurisdiction is *not* genuinely in dispute. Nor has the Eleventh Circuit held that a plaintiff who has no apparent belief that a defendant has any contacts with the forum is entitled to discovery in the speculative hope of discovering *something*

---

[1] Although the arguments herein apply equally to LeTransporteur, LLC, the Court requested briefing solely on whether discovery should be permitted as to Morisseau. *See* ECF No. 70.

to support jurisdiction.[2] More to the point, no Eleventh Circuit decision requires jurisdictional discovery where a plaintiff's assertion of jurisdiction over a defendant is frivolous. Yet that is precisely what Plaintiffs would have this Court require here.

Courts have wide latitude in denying jurisdictional discovery where a plaintiff has failed to make a prima facie case for jurisdiction. *See, e.g.*, *Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Rep.*, 582 F.3d 393, 401 (2d Cir. 2009) ("A district court has wide latitude to determine the scope of discovery, and is typically within its discretion to deny jurisdictional discovery when the plaintiff has not made out a prima facie case for jurisdiction." (alteration omitted) (citation omitted) (internal quotation marks omitted)); *Negrón–Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 27 (1st Cir. 2007) ("[B]ecause Negrón has failed to make a colorable claim for personal jurisdiction, we have no reason to overturn the district court's denial of her request for jurisdictional discovery."); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery …." (alteration omitted) (internal quotation marks omitted)); *Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 n.3 (S.D. Fla. 2010) ("Plaintiff must provide the Court with some showing establishing the need for jurisdictional discovery."); 8 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 2008.3 (3d ed. Apr. 2014) ("[A] district court may properly refuse or limit jurisdictional discovery if the plaintiff has not made a sufficient showing that there may be a basis for exercise of jurisdiction …."). Courts may

---

[2] *Cf. Gomez v. Lozano*, 759 F. Supp. 2d 1335, 1339 (S.D. Fla. 2011) (Jordan, J.) ("I … reject Mr. Gomez's argument that I should allow him to use discovery to develop his allegations. [This] argument miscalculates the role of complaints. A complaint needs sufficient factual allegations to raise a plaintiff's right to relief above the speculative level. If the complaint does not do this, the plaintiff cannot move on to discovery." (citation omitted)).

also deny jurisdictional discovery where a plaintiff makes only a passing or indirect request for it, or where a request is not specific. *See, e.g.*, *Cheyenne Arapaho Tribes of Ok. v. United States*, 558 F.3d 592, 596 (D.C. Cir. 2009) ("We hold that the district court did not abuse its discretion in denying jurisdictional discovery given the absence of any specific indication from the Tribes regarding what facts additional discovery could produce that would affect the court's jurisdictional analysis." (alteration omitted) (internal quotation marks omitted)); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) ("Plaintiffs' only allusion to jurisdictional discovery was on the first page of their memorandum in opposition to the motion to dismiss … ; even then, Plaintiffs failed to specify what they thought could or should be discovered."); *Vision Media TV Grp.*, 724 F. Supp. 2d at 1267 n.3 (denying a "vague request for jurisdictional discovery" because "Plaintiff makes no request for specific information from Defendant to establish personal jurisdiction").

These well-settled principles strongly support denying jurisdictional discovery in this case. First, Plaintiffs' jurisdictional allegation, which is a "mere conclusory statement," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "is plainly not enough to support the exercise of personal jurisdiction," Mot. Set Aside Default 7, ECF No. 64. The alleged defamatory articles, which constitute "a part of the pleading for all purposes," FED. R. CIV. P. 10(c), also belie any notion that the Court has jurisdiction over Morisseau, because the content is about only the Haitian activities of Haitian persons, *cf. Calder v. Jones*, 465 U.S. 783, 788 (1984) (finding jurisdiction where "[t]he allegedly libelous story concerned the California activities of a California resident"). Second, Plaintiffs have made only vague, passing references to jurisdictional discovery, and have not articulated what discovery they need from Morisseau that could possibly support personal jurisdiction over him. For example, although Plaintiffs could have requested

3

jurisdictional discovery back in May in order to respond to Morisseau's motion to dismiss, Plaintiffs chose not to. Instead, Plaintiffs buried in a footnote of their response a request that was triggered only if the Court had "any doubts" about its jurisdiction. *See* Pls.' Resp. Opp'n Def. Morisseau's Mot. Dismiss Pls.' Compl. 6 n.7, ECF No. 34. But just *what* Plaintiffs sought to discover was a mystery, for Plaintiffs did not specify what they thought they needed. Recently, Plaintiffs stated that if "Morisseau filed an affidavit along with his original motion … then Plaintiffs would have asked the Court for (and began) jurisdictional discovery almost three months ago." Pls.' Corrected Resp. Opp'n Mot. Leave 3, ECF No. 68. Setting to the side the fact that Plaintiffs blame a then pro se defendant for their poor decision, Plaintiffs again failed to state *what* discovery they thought they would need to show jurisdiction. In sum, Plaintiffs have had ample opportunity to request discovery and to specify what discovery they thought they needed to make a prima facie showing of jurisdiction. Plaintiffs have not done so.

**2.** Permitting jurisdictional discovery would not affect the outcome. This is a simple case about an alleged defamatory article that deals only with Haiti and Haitian persons (including Plaintiffs) and that was published on the Internet by alleged New York defendants. Vorbe's testimony confirms this. At the evidentiary hearing, he testified chiefly about the history and state of his company, in Haiti; the alleged defamatory articles, which dealt only with Haiti; and his and his company's alleged damages, also allegedly incurred only in Haiti. *See* Hr'g Tr. 7:5–20:6, June 18, 2014 (discussing his company); *id.* 22:6–32:23 (discussing the article); *id.* 31:24–46:21 (discussing alleged damages). Morisseau, meanwhile, has submitted two declarations showing his and LeTransporteur's total lack of contacts with Florida. Morisseau has stated that has never lived or conducted any business in Florida. *See* Morisseau Aff. ¶¶ 3–4, ECF No. 56. And he has stated that LeTransporteur did not direct the articles to be read by the population of

4

Florida but by the population of Haiti, and that, before the action was filed, LeTransporteur had no idea that Vorbe had any ties to Florida (Vorbe's company, of course, has none). *See* Morisseau Decl. ¶¶ 11–12, ECF No. 64-1. Under these undisputed[3] facts—which are at stark odds with those found to support jurisdiction in *Calder*—jurisdiction simply does not exist, and no additional discovery would affect the outcome. *See Revell v. Lidov*, 317 F.3d 467, 476 (5th Cir. 2002) (denying request for further jurisdictional discovery "given the uncontroverted facts of the … website[] and lack of purposeful availment"); WRIGHT, *supra*, § 2008.3 ("[A] district court may properly refuse or limit jurisdictional discovery … if the proposed discovery seems unlikely to shed light on the jurisdictional question.").

**3.** Finally, jurisdictional discovery would only burden Morisseau and delay the resolution of this action. A plaintiff *should* be given an opportunity to take jurisdictional discovery where he has a good-faith basis to assert that a court has jurisdiction over a defendant and where there are "disputed jurisdictional facts." *Eaton*, 692 F.2d at 730. But a "defendant has a legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking." *Id.* at 729 n.7. A fortiori that interest is greater in cases like this one—where jurisdiction *is* lacking.

\* \* \*

For these reasons, Morisseau respectfully requests that the Court not permit Plaintiffs to take any jurisdictional discovery in this action.

---

[3] Nothing in Vorbe's testimony suggests that he has any reasonable belief to dispute these facts; it was only "[a]round mid January"—a month before this action began—that he first learned of Tout Haiti. Hr'g Tr. 21:17–22:1, 24:11–14. It appears that Plaintiffs' assertion that jurisdiction exists is based on the fact that there are many Haitians in Florida. That thinking is clearly wrong. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum state."). And Morisseau has already declared that LeTransporteur did not aim the articles to Florida. No more discovery on this point is needed.

5

        Respectfully submitted,

        <u>s/Brian W. Toth</u>
        Brian W. Toth
        Florida Bar No. 57708
        brian.toth@hklaw.com
        HOLLAND & KNIGHT LLP
        701 Brickell Avenue, Suite 3300
        Miami, Florida 33131
        Telephone: (305) 374-8500
        Fax: (305) 789-7799

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on August 8, 2014, I filed a copy of the foregoing with the Clerk of Court using CM/ECF, which will serve all counsel of record of the foregoing.

        <u>s/Brian W. Toth</u>