UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:14-CV-20751-GOODMAN

[CONSENT CASE]

JEAN MARIE VORBE, and
V&F CONSTRUCTION, S.A.,

    Plaintiffs,

v.

PATRICK MORISSEAU, and
LETRANSPORTEUR, LLC,

    Defendants.
_____/

## ORDER AUTHORIZING LIMITED JURISDICTIONAL DISCOVERY

Representing himself *pro se*, Defendant Patrick Morisseau has filed a motion [ECF No. 24] to dismiss the Complaint on several grounds, including a purported lack of *in personam* jurisdiction. Morisseau did not file an affidavit to support his jurisdictional arguments, and Plaintiffs noted this substantively significant omission in their response. [ECF No. 34]. Over an objection [ECF No. 67] from Plaintiffs, the Undersigned granted Morisseau's motion [ECF No. 55] for leave to file, out of time, a reply with an affidavit supporting his claim that personal jurisdiction is lacking. In doing so, however, the Undersigned directed the parties to brief the issue of whether Plaintiffs should be permitted to take limited discovery on personal jurisdiction issues

[ECF No. 70]. Plaintiffs complied with this order by filing a motion for jurisdictional discovery [ECF No. 72] and Morisseau complied by filing a memorandum [ECF No. 71].[1] The briefing on this narrow issue is now complete and the Court **grants** Plaintiffs' motion for limited discovery for the reasons outlined below.

**Factual Background**

Plaintiffs filed a defamation lawsuit against Defendants based on statements about them published in an article on Defendants' website. Plaintiffs contend the article falsely and maliciously accuses them of corruption and bribery of public officials in connection with road construction contracts in Haiti. [ECF No. 1]. Plaintiff Jean Marie Vorbe is alleged to be a Haitian citizen and a United States permanent resident.

The Complaint alleges that defendant LeTransporteur is a New York limited liability company with its principal place of business in New York and owns, operates, and publishes the website. The Complaint also alleges that Morisseau is an owner, operator, and publisher of the website.

Concerning the personal jurisdiction issue now in dispute, the Complaint alleges that Defendants committed tortious acts in Florida when they published libelous material on the website – which was "purposefully directed to and/or accessed in Florida – a state with a significant Haitian population, especially in this District." [ECF No. 1, p. 2]. In addition, the Complaint alleges that Morisseau and LeTransporteur

---

[1] Morriseau is now represented by counsel. [ECF No. 63].

engage in substantial and not isolated activity in Florida "through their continuous and systematic publications on the Website to the citizens of this state, particularly the significant Haitian population in this District." [*Id.* at 3].

Moreover, the Complaint further alleges that, although most of the Defendants' website's content is in French, some of it is in English, including the article in question. [*Id.*]. It alleges that the website "is intended to be visited not only by those who reside in Haiti, but also by Haitian communities around the world, and in particular, those in Florida, New York and the Caribbean." [*Id.*].

In his motion to dismiss, Morisseau alleged, without an affidavit or sworn declaration, that he is a citizen and resident of New York, does not conduct any business in Florida, and does not own property in Florida. [ECF No. 24]. The motion asserts, in conclusory fashion, the statements often used to analyze personal jurisdiction challenges – e.g., Morisseau says he does not avail himself of the Florida courts, he says he has no minimum contacts here, he says he lacks continuous and systematic contacts in Florida, he says Plaintiffs cannot demonstrate any personal dealings or contracts he has had with Florida residents and says that exercising personal jurisdiction over him would be a Due Process violation. [*Id.*].

In their response, Plaintiffs flagged Morisseau's failure to submit an affidavit to contest personal jurisdiction – an omission they contend is fatal to his motion. [ECF No. 34]. They also argue that Morisseau knew the article was false when he published it

with a specific intent to injure Vorbe, a permanent resident of Florida, and V & F. [*Id.* at 5]. They further contend that Morisseau has substantial and purposeful connections with Florida through the website. [*Id.*]. In particular, they note that Morisseau holds out the website as "the link between Haitians" and the "Information website of Haiti and the Diaspora." [*Id.*]. According to Plaintiffs, the website targets Haitian readers in the United States (in general), in Florida (more specifically) and in this District (to be even more focused). [*Id.* at 5-6]. As framed by Plaintiffs, therefore, Morisseau "maliciously defamed a Legal Permanent Resident of Florida to his predominantly Floridian audience." [ECF No. 34, p. 6].

Morisseau's affidavit (albeit late-filed with post-deadline judicial approval) explains that he is the CEO of LeTransporteur and manages its website, which is based in New York. [ECF No. 56]. The affidavit contends that he has never lived in Florida, does not conduct any business in Florida, never owned or leased any real estate in Florida and does not have any bank accounts or investment in Florida. [*Id.* at 1-2].

Morisseau's memorandum opposing jurisdictional discovery describes the lawsuit as "a simple case about an alleged defamatory article that deals only with Haiti and Haitian persons (including Plaintiffs) and that was published on the Internet by alleged New York defendants." [ECF No. 71, p. 5].

The Morisseau memorandum, however, overlooks that fact that Vorbe is a legal resident, residing in Florida.

Plaintiffs' motion for discovery raises an equitable argument: it notes that it was not until the Court permitted Morisseau to submit a late reply and affidavit that Morisseau "first mounted a procedurally sufficient (albeit, substantively unavailing) challenge to jurisdiction." Noting that a defendant is legally required to file an affidavit to contest a complaint's jurisdictional allegations or to challenge the presence of minimum contacts, Plaintiffs emphasize that jurisdictional discovery was unnecessary until Morisseau was, in their words, "granted a 'do-over.'" [ECF No. 72, p. 2]. Therefore, Plaintiffs emphasize, they must be allowed to take jurisdictional discovery to provide the Court with "counter-evidence" to establish Morisseau's connection to the forum and the litigation. [*Id.*].

Now that the personal jurisdictional issue has been adequately teed up, Plaintiffs say, they have pinpointed four specific types of limited discovery they are interested in obtaining to bolster their belief that Morisseau purposefully "targets Florida residents on his website, www.touthaiti.com ("Website"), to the exclusion of nearly all other United States jurisdictions: (1) the Website's visitor analytics (which would show the geographic locations of the Website's visitors), (2) the Website's Google Ads' analytics (to hopefully show that Morisseau's website "earns a significant portion of its advertising revenue [] from Florida residents,"[2] (3) the level of interactivity between the

---

[2] Plaintiffs contend that this type of discovery is important to the jurisdictional analysis. *See generally Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1230 (9th Cir. 2011) (specific jurisdiction in California over Ohio corporation and its principal by a

Website and its visitors, and (4) the extent Morisseau knew that Vorbe is a United States permanent resident. [*Id.* at 4-5].

## Analysis

Federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues." *Id.* at n. 13. When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss. 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2009 (2006); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982) ("[i]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation, . . . [then] discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue"); *see also Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 443 (D. Md. 2001).

As succinctly and cogently summarized by United States District Judge Kenneth Marra in *Steinberg v. Barclay's Nominees (Branches) Ltd.*, No. 04-60897, 2007 WL 4287662

---

Florida photo agency for copyright infringement occurring on defendant's website). In *Mavrix*, defendants' actual or constructive knowledge of their gossip website's substantial California user base demonstrated their strategy of purposefully exploiting the California market for profit through advertisements to their readers. The appellate court reversed the district court's order granting the motion to dismiss for lack of personal jurisdiction.

(S.D. Fla. Dec. 5, 2007), according to the Eleventh Circuit Court of Appeals, "[t]he problem is the degree to which such discovery is mandatory or discretionary." (citing *Eaton*, 692 F.2d at 729 (reversing dismissal for lack of subject matter jurisdiction and remanding for discovery on jurisdictional facts where deposition had not taken place because a "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction.")). According to *Eaton*, jurisdictional discovery is not entirely discretionary. 692 F.2d at 733.

Judge Marra further noted that while some circuits allow jurisdictional discovery more freely than others, Eleventh Circuit precedent indicates that jurisdictional discovery is **highly favored** before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction. 2007 WL 4287662, *2 (citing *Eaton*, 692 F.2d at 731); *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (a motion to dismiss for lack of personal jurisdiction may require limited discovery so that a meaningful ruling can be made); *Blanco v. Carigulf Lines,* 632 F.2d 656, 657 (5th Cir. 1980) (dismissal was error where defendants had not responded to plaintiff's interrogatories).

*Moberg v. 33T LLC,* 666 F. Supp. 2d 415 (D. Del. 2009), also supports Plaintiffs' request to take limited jurisdictional discovery. In that case, jurisdictional discovery limited to determining the contacts with Delaware of a website owned by a French citizen was required because, although it was clear that the website targeted American customers, it was not clear whether it targeted Delaware customers.

Morisseau points to cases which hold that jurisdictional discovery may be properly denied where the court's jurisdiction is not genuinely in dispute or where a plaintiff has failed to make a *prima facie* case for jurisdiction. While those cases do in fact stand for that proposition, the instant case is not one where the complaint is devoid of jurisdictional allegations. Moreover, Morisseau argues that Plaintiffs "have not articulated what discovery they need from Morisseau that could possibly support personal jurisdiction over him." [ECF No. 71, p. 3].  But Plaintiffs have in fact now explained the precise type of limited discovery they want and have also provided a rationale for its relevance.

Finally, the Undersigned notes the apparent inconsistency in Morisseau's flexible position that the Court properly permitted him to shore up the deficiencies in his motion to dismiss by allowing an out-of-time memorandum and affidavit and his current, rigid view that the Court should not exercise its discretion to permit the discovery need triggered by his late submission.

In any event, the Court **grants** Plaintiffs' motion and will permit limited jurisdictional discovery. Because the dismissal motion has been pending for more than three months, however, the limited discovery will be taken on a focused basis. The parameters of the discovery are listed below:

1. Plaintiffs may propound written discovery which Morisseau must respond to within 15 days.

2. Plaintiffs may take the deposition of Morisseau within the next 30 days.

3. Any further briefing based on the additional jurisdictional discovery must be submitted by September 26, 2014. The only additional briefing will be a double-spaced memorandum not to exceed 8 pages, excluding signature block and certificate of service.

**DONE AND ORDERED** in Chambers, in Miami, Florida, August 12, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record